### VAN PELT v. GRANT.

No. 34419.   July 11, 1950.

*220 P. 2d 242.*

Forrest Van Pelt, of Oklahoma City, pro se.

Arthur H. Dolman, of Oklahoma City, for defendant in error.

PER CURIAM. Plaintiff brought an action against the defendant, Forrest Van Pelt, to secure possession of an automobile and to foreclose a chattel mortgage on the automobile, which mortgage was given as security for the payment of a promissory note dated September 8, 1948, due December 8, 1948, in the principal sum of $800.

Judgment was for the plaintiff in the sum of $767.75 with costs and attorney's fee. A motion for new trial was filed and an order entered overruling the same, and defendant has appealed.

At the trial of the case it was stated that the only thing in controversy was whether or not the defendant had been given proper time to pay the balance due of $750. It was the contention of defendant that the action had been prematurely brought because it was unwarranted and unnecessary. The only evidence offered in support of this contention was that of the defendant who stated that $50 was paid on or about December 8, 1948, with an agreement that if the principal amount was reduced by $100, the plaintiff would wait until March 8, 1949, before beginning an action for possession of the automobile. It is admitted that defendant only paid $50 on the principal. The action was filed March 15, 1949, and there is a total failure of any proof or evidence showing that the action was prematurely brought.

This was the sole issue presented to the trial court who disposed of the same as a matter of law, and we think properly so. The allegations in the petition in error presented in the brief that the court erred in sustaining the motion to strike the counterclaim of defend-

ant and in denying the defendant the right to a jury all present this single issue.

We have said that where a motion to dismiss has been filed upon the ground that the appeal is without merit and for delay only, and from an examination of the petition in error, the brief of plaintiff in error, and the record, it is shown that no contest is presented to this court, the appeal will be dismissed. Smith v. Aronoff, 179 Okla. 560, 67 P. 2d 447; Humphreys v. Liberty National Bank, 180 Okla. 44, 67 P. 2d 790. The appeal is manifestly without merit and for delay only.

Appeal dismissed.